SETH E. PIERCE (186576)
sep@msk.com
BRADLEY J. MULLINS (274219)
bym@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
BIRCH GOLD GROUP, LP (erroneously sued as BIRCH GOLD GROUP)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LINEBARGER,<br><br>Plaintiff,<br><br>v.<br><br>BIRCH GOLD GROUP, a California corporation, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:26-cv-05070<br><br>**DEFENDANT BIRCH GOLD GROUP, LP'S NOTICE OF REMOVAL**<br><br>(Removed from Los Angeles Superior Court Case No. 26STCV09249)<br><br>**Diversity Jurisdiction:**<br>28 U.S.C. §§ 1332, 1441, and 1446<br><br>*[Notice of Removal, Civil Cover Sheet, Declaration of Bradley J. Mullins, Certificate of Interested Parties and Corporate Disclosure Statement Pursuant to FRCP 7.1 and Local Rule 7.1-1 filed concurrently herewith]* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Birch Gold Group, LP ("Defendant") hereby removes the above-titled action from the Superior Court of the State of California for the County of Los Angeles ("LASC") to the United States District Court for the Central District of California – Western Division, pursuant to 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. § 1446(d), removal of this action is effective upon notice and will immediately and automatically terminate all proceedings in the LASC. Defendant's removal of this action is proper for the reasons set forth below:

**Background**

1. On March 23, 2026, Plaintiff Robert Linebarger ("Plaintiff") filed a Complaint in the LASC, titled *Robert Linebarger v. Birch Gold Group* (Case No. 26STCV09249, the "State Court Action"). This Notice of Removal incorporates by reference the allegations of the Complaint in the State Court Action, without admitting any of those allegations.

2. The Complaint concerns Plaintiff's purchase of precious metals from Defendant, in connection with which Plaintiff claims he was misled. Defendant denies Plaintiff's allegations.

3. **Causes of Action:** Plaintiff's Complaint alleges seven causes of action: (1) Fraud; (2) Negligent Misrepresentation; (3) Negligence; (4) Violation of California Business and Professions Code § 17200, *et seq.*; (5) Breach of Warranty; (6) Unjust Enrichment; and (7) Breach of Written Contract.

4. **Copies of all Process, Pleadings and Orders:** Pursuant to 28 U.S.C. Section 1446(a), complete copies of all process, pleadings, and orders served upon and/or available to Defendant in the State Court Action are attached to this Notice

Mitchell Silberberg & Knupp LLP

of Removal, as well as being exhibits to the Declaration of Bradley J. Mullins ("Mullins Decl."), as follows:

- **Exhibit 1:** The Summons filed by Plaintiff on March 23, 2026, which was served on Defendant via substituted service on April 1, 2026, with mailing occurring on April 2, 2026;
- **Exhibit 2:** The Complaint filed by Plaintiff on March 23, 2026, which was served on Defendant via substituted service on April 1, 2026, with mailing occurring on April 2, 2026;
- **Exhibit 3:** The Civil Case Cover Sheet filed by Plaintiff on March 23, 2026, which was served on Defendant via substituted service on April 1, 2026, with mailing occurring on April 2, 2026;
- **Exhibit 4:** The Notice of Case Assignment Unlimited Civil Case filed on March 23, 2026, which was served on Defendant via substituted service on April 1, 2026, with mailing occurring on April 2, 2026;
- **Exhibit 5:** The Alternative Dispute Resolution (ADR) Information Package filed on March 23, 2026 which was served on Defendant via substituted service on April 1, 2026, with mailing occurring on April 2, 2026;
- **Exhibit 6:** The Notice of Case Management Conference issued on March 24, 2026;
- **Exhibit 7:** The Proof of Service filed on April 8, 2026.

Additionally, a copy of the LASC case summary for the State Court Action, is attached as **Exhibit 8** to the Mullins Declaration.

5. **<u>Doe Defendants</u>:** Defendant is informed and believes that no "Doe" defendant has been identified and therefore no other defendant has been joined and served with a copy of the Summons and/or Complaint. Mullins Decl. ¶ 10. Accordingly, this action may be removed by Defendant to federal court pursuant to

28 U.S.C. §§ 1441, 1446(b)(2). The fictitious defendants named as Does 1-20 are disregarded for purposes of removal, in accordance with 28 U.S.C. § 1441(a).

**Removal is Timely**

6. Plaintiff served Defendant with copies of the Summons and Complaint via substituted service on April 1, 2026, with mailing occurring on April 2, 2026. Pursuant to C.C.P. § 415.20, service was therefore complete on the 10th day after the mailing, or April 12, 2026. Pursuant to 28 U.S.C. § 1446(b), removal papers shall be filed within 30 days of service of the Complaint. Because Defendant filed this Notice of Removal on May 11, 2026, it is timely under 28 U.S.C. § 1446(b).

**Removal Pursuant to Diversity Jurisdiction**

7. The district courts have original jurisdictional over civil actions between citizens of different states. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity of citizenship exists, as described below.

8. Plaintiff's Citizenship. As asserted in the Complaint, Plaintiff is an individual residing in the State of Washington. Compl., ¶ 1. Plaintiff also alleges that he is a manager at Cisco Systems. *Id.* According to Plaintiff's LinkedIn profile, his place of employment is in the "Spokane-Coeur d'Alene Area." Mullins Decl., Ex. 9. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his

termination"). Upon information and belief, Plaintiff is a citizen of the state in which he works and resides, *i.e.*, Washington.

9. Defendant's Citizenship. The Complaint asserts that Defendant is an Iowa limited partnership. Compl., ¶ 2. The partners of Birch Gold Group, LP are the Laith Alsarraf Separate Property Trust and Birch Gold Group, Inc.

10. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). Diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002). Birch Gold Group, Inc. is incorporated in California, with its principal place of business in Iowa. *See Fellers v. Martin Law Office, PLLC*, No. 3:26-CV-900-GPC-JLB, 2026 WL 1214671, at *10 (S.D. Cal. May 1, 2026) *("*A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business.").

11. "A traditional trust 'has the citizenship of its trustee or trustees.'" *Marshall v. Ameriprise Fin. Servs.*, No. 2:24-CV-00112-DJC-AC, 2026 WL 612237, at *1 (E.D. Cal. Mar. 4, 2026) (citation omitted). The trustee for the Laith Alsarraf Separate Property Trust is Laith Alsarraf. Laith Alsarraf is a resident, and citizen, of California.

12. Citizenship of "Doe Defendants": The Complaint does not set forth the identity or status of fictitious defendants 1 through 20. The citizenship of unknown and fictitiously-named "Doe" defendants must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. See § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *McCabe v. Gen Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that district court properly

disregarded the presence of unidentified "Doe" defendants when evaluating diversity jurisdiction).

13. Therefore, there is complete diversity of citizenship between Plaintiff (a citizen of Washington) and Defendant (a citizen of Iowa and California). *See* 28 U.S.C. § 1332(a)(1).

14. Amount in Controversy. In determining the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Sawyer v. Retail Data, LLC*, 2015 WL 3929695, at *1 (C.D. Cal. Apr. 29, 2015). The court must consider all recoverable damages, including punitive damages and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The amount in controversy is not a projection of liability, but the amount "at stake" in the litigation. *Chavez v. JPMorgan Chase*, 888 F.3d 413, 418 (9th Cir. 2018).

15. Defendant's notice of removal requires only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014). The standard for determining whether a defendant has met its burden of establishing the amount in controversy is a preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

16. Here, the Complaint does not set forth the specific amount that Plaintiff seeks to recover as damages for his claims. Plaintiff does, however, plead that he made two separate purchases from Defendant that totaled $354,828.44. Compl., ¶ 11. Plaintiff further alleges that he paid $99,891.00 in "excess premium" on his first purchase (*Id.*, ¶¶ 17-18), and $16,474.00 in "excess premium" on his second purchase. *Id.*, ¶ 19. In total, Plaintiff claims that he "has been damaged in an aggregate amount of at least $500,000.00." *Id.* ¶¶ 29, 17-18.

17. Plaintiff also seeks "punitive damages," "treble damages," and "attorneys' fees and costs." *Id.*, Prayer. Each are accounted for in determining the amount in controversy. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees). Finally, Plaintiff seeks open-ended relief in the form of "other and further relief as the Court may deem proper." Compl., Prayer. Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages," established that the case met the amount in controversy requirement even though he pled in his complaint that he did not assert a claim in excess of $75,000).

18. Defendant denies that Plaintiff's claims have any merit. Defendant also denies that Plaintiff has suffered any damages as a result of any conduct by Defendant. However, when the claims asserted and relief sought are assessed as a whole, the amount in controversy exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs. Accordingly, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

**Venue**

19. Removal to this Court is proper under 28 U.S.C. § 1441 because the Complaint was filed in the Superior Court of the State of California for the County of Los Angeles (LASC) and this U.S. District Court for the Central District of California – Western Division is the U.S. District Court for the district and division within which this action is pending. *See* 28 U.S.C. § 84(c); § 1441(a).

**Notice to Adverse Parties and State Court**

20. A copy of this Notice of Removal will be filed with the LASC and served upon all adverse parties as required by 28 U.S.C. § 1446(d), and an appropriate notice of compliance with 28 U.S.C. § 1446(d) also shall be served and filed in the above-entitled Court.

**Preservation of Rights and Defenses**

21. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *e.g.*, failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

22. Defendant also reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant respectfully requests that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the above-titled Court.

Dated: MAY 11, 2026

SETH E. PIERCE
BRADLEY J. MULLINS
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Seth E. Pierce
Seth E. Pierce (SBN 186576)
Bradley J. Mullins (SBN 274219)
Attorneys for Defendant
BIRCH GOLD GROUP, LP